UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

AUG 26 2009

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, et al., | ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )      Case No. 1:09-cv-00377 (GBL/IDD) |
| | ) |
| HEBRON PLUMBING AND HEATING INC., | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This matter came before the Court on plaintiffs' motion for default judgment against the defendant Hebron Plumbing and Heating Inc. ("Hebron Plumbing"), pursuant to Fed. R. Civ. P. 55(b)(2). (Dkt. No. 7.) After a representative of defendant failed to appear at the default judgment hearing on August 21, 2009, the undersigned Magistrate Judge took this matter under advisement. Upon consideration of the complaint, plaintiffs' motion for default judgment, and the supporting affidavits, the undersigned Magistrate Judge makes findings as follows, and recommends that default judgment be entered against defendant.

## I. INTRODUCTION

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment.

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a

responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

## A. Background

Plaintiffs, the Trustees of the Plumbers and Pipefitters National Pension Fund ("National Pension Fund") and the Trustees of the International Training Fund ("International Training Fund"), filed this action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). These Acts govern suits among parties to enforce provisions of their collective bargaining agreements. Plaintiffs' complaint seeks damages, injunctive relief, and attorneys' fees and costs pursuant to ERISA, LMRA, and the collective bargaining agreement with the United Association Local Union No. 210 ("Local Union No. 210"), to which defendant was party. (Compl. ¶ 5.) Each plaintiff seeks a default judgment against the defendant Hebron Plumbing.

## B. Jurisdiction and Venue

Jurisdiction and venue are conferred upon this Court by 29 U.S.C. §§ 185(a), 1132, and 1145. Where an action is brought in a district court of the United States under Sections 502 and 515 of ERISA, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. Process may be served in any other

2

district where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2).  Moreover, a suit for violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce may be brought in any district court having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties. 29 U.S.C. §§ 185(a).  The funds are administered in this district from the plaintiffs' principal places of business in Alexandria, Virginia. (Compl. ¶¶ 1, 2.)  This Court has personal jurisdiction over defendant under the decision in *Board of Trustees, Sheet Metal Workers Nat'l Pens. Fund v. McD Metals, Inc.*, 964 F. Supp. 1040, 1045 (E.D. Va. 1997).  Venue is also properly in this district because: 1) the breach of the Agreements and consequential breach of Section 515 of ERISA occurred within this district; and 2) it is within this district that the relevant provisions of the collective bargaining agreements are required to be performed.

## C.  Service of Process

On April 29, 2009, the complaint and summons were served on defendant by personally serving Hebron Plumbing's Registered Agent and President, Thomas G. Harrison, who was authorized to accept service at 352 South 700 West, Hebron, Indiana 46341.

## D.  Grounds for Default

The complaint was filed on April 8, 2009. (Dkt. No. 1.)  Defendant has failed to appear, answer, or file any other responsive pleadings in this matter.  On July 24, 2009, plaintiffs filed a Request for Entry of Default with the Clerk's office. (Dkt. No. 5.)  The Clerk entered default on July 27, 2009. (Dkt. No. 6.)  On July 30, 2009, plaintiffs filed a Motion for Default Judgment (Dkt. No. 7) and the default judgment hearing was conducted on August 21, 2009.  The undersigned Magistrate Judge recommends a finding that Hebron Plumbing was served properly,

3

that it failed to file a responsive pleading in a timely manner, and that the Clerk properly entered default as to Hebron Plumbing. After a representative of the defendant failed to appear at the August 21, 2009 hearing, the undersigned Magistrate Judge took the case under advisement to issue this Report and Recommendation.

## II.  FACTUAL FINDINGS

The undersigned Magistrate Judge makes the following findings of fact based on the complaint, the declarations of William T. Sweeney, Jr., the Administrator of the National Pension Fund ("Sweeney NPF Decl."), who is also authorized to execute an affidavit on behalf of the International Training Fund ("Sweeney ITF Decl."), the Declaration of John R. Harney, plaintiffs' counsel ("Harney Decl."), and the documents submitted in proof of damages.

Plaintiffs are the trustees of multi-employer employee benefit plans as defined by ERISA 29 U.S.C. §§ 1002(3) and (37). (Compl. ¶¶ 1, 2.) The National Pension Fund is established and maintained by a Restated Agreement and Declaration of Trust and by a Collective Bargaining Agreement between Local Union No. 210 and defendant Hebron Plumbing. (Compl. ¶ 1.) The International Training Fund is established and maintained by a Restated Trust Agreement and by a Collective Bargaining Agreement between Local Union No. 210 and defendant Hebron Plumbing. (Compl. ¶ 2.) Both the National Pension Fund and the International Training Fund are administered in Alexandria, Virginia. (Compl. ¶¶ 1, 2.) Hebron Plumbing is an Indiana corporation existing under the laws of the State of Indiana with an office located in Indiana. (Compl. ¶ 3.) At all times herein, Hebron Plumbing was an "employer in an industry affecting commerce" as defined by 29 U.S.C. §§ 1002(5), (9), (11), (12), and (14); 29 U.S.C. §§ 142(1), (3), and 152(2); and 29 U.S.C. § 1001(a). (Compl. ¶ 3.)

4

Plaintiffs bring this action under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the LMRA, 29 U.S.C. § 185(a). Hebron Plumbing is a signatory to the Plumbers Association of Northwestern Indiana and is thereby bound to the Collective Bargaining Agreement with Local Union No. 210, which establishes the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by Defendant. (Compl. ¶ 5.) Pursuant to the Collective Bargaining Agreement, Hebron Plumbing agreed to pay both the National Pension Fund and the International Training Fund certain sums of money for each hour worked by employees of Hebron Plumbing covered by the Collective Bargaining Agreement. (Compl. ¶¶ 6, 7.) Plaintiffs claim that Hebron Plumbing employed certain employees covered under the Collective Bargaining Agreement and failed to make proper contributions to the National Pension Fund (Count I) and the International Training Fund (Count II) for work performed at Hebron Plumbing's request. (Compl. ¶ 8.)

## A. Count I – National Pension Fund

The National Pension Fund asserts that, pursuant to the reports submitted by Hebron Plumbing, Hebron Plumbing failed to make contributions to the National Pension Fund in the amount of $9,706.20 for the months of November 2008 through February 2009. (Compl. ¶ 15; Sweeney NPF Decl. ¶ 11.) Furthermore, Hebron Plumbing failed to submit reports to the National Pension Fund indicating the amount owed for the months of November 2008 through February 2009. (Compl. ¶ 10; Sweeney NPF Decl. ¶ 6.)

The National Pension Fund alleges that Hebron Plumbing is bound by the Restated Agreement and Declaration of Trust, which provides in Article VI, Section 6 that when an employer fails to file the properly completed forms, the fund is authorized to project the

5

delinquent amount by taking the greater of the average of the monthly payments actually made by the Employer for the last three (3) months for which payments were made, or the average of the monthly payments made by the Employer for the last twelve (12) months for which payments were made. (Compl. ¶ 12.)  Based on the report forms submitted for the last three months for which Hebron Plumbing actually made contributions to the National Pension Fund, pursuant to the Trust Agreement, the National Pension Fund alleges that Hebron Plumbing is required to pay $9,706.20 for contributions for the months of November 2008 through February 2009. (Compl. ¶ 17A; Sweeney NPF Decl. ¶ 11.)

The National Pension Fund alleges that Hebron Plumbing is bound by the Restated Agreement and Declaration of Trust, which provides in Article VI, Section 5 that an employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be considered delinquent and may be assessed liquidated damages in the amount of ten percent (10%) of the amount due if payment is not received by the due date. (Comp. ¶ 16.)  Furthermore, pursuant to the Restated Trust Agreement, interest is assessed at a rate of twelve percent (12%) per annum from the date the payment was due through the date of payment to the National Pension Fund. (Compl. ¶ 17A.)  Pursuant to the Trust Agreement, the National Pension Fund alleges that Hebron Plumbing is required to pay $970.62 in liquidated damages for the months of November 2008 through February 2009. (Compl. ¶ 17B; Sweeney NPF Decl. ¶ 13.)  In addition, the National Pension Fund alleges that Hebron Plumbing owes interest in the amount of $612.58 assessed at the rate of twelve percent (12%) per annum from the due date through the date of payment or August 14, 2009 and continuing to accrue at the rate of twelve percent (12%) per annum through the date of payment. (Sweeney NPF Decl. ¶ 13.)  Therefore, the National Pension

6

Fund claims the total amount owed for delinquent contributions is $11,289.40. (Sweeney NPF Decl. ¶ 14, Sweeney NPF Decl. App.)

## B.  Count II – International Training Fund

In the complaint, the International Training Fund alleges that Hebron Plumbing failed to make contributions to the International Training Fund for the months of November 2008 through February 2009. (Compl. ¶ 19.)  Furthermore, Hebron Plumbing failed to submit reports to the International Training Fund indicating the amount owed for the months of November 2008 through February 2009. (Compl ¶ 20; Sweeney ITF Decl. ¶ 6.)

The International Training Fund alleges that Hebron Plumbing is bound by the Restated Trust Agreement, which provides in Article VI, Section 7 that when an employer fails to file the properly completed report forms, the International Training Fund is authorized to project the delinquent amount by taking the greater of the average of the monthly payments actually made by the Employer for the last three (3) months for which payments or reports were submitted, or the average of the monthly payments or reports submitted by the Employer for the last twelve (12) months for which payments or reports were submitted. (Compl. ¶ 22.)  Based on the report forms submitted for the last three months for which Hebron Plumbing actually made contributions to the International Training Fund, pursuant to the Restated Agreement of Trust, the International Training Fund alleges that Hebron Plumbing is required to pay $308.12 for contributions for the months of November 2008 through February 2009. (Compl. ¶¶ 24, 25; Sweeney ITF Decl. ¶ 11.)

The International Training Fund also alleges that Hebron Plumbing is bound by the Restated Trust Agreement, Article VI, Section 6 that provides if an employer fails to file a report or make contributions within ten (10) calendar days of the due date, the Trustees have the

7

discretion to add to the amount owed by the employer, liquidated damages in the amount of twenty percent (20%) of the amount due for each monthly report or payment past due. (Compl.¶ 26.) Pursuant to the Restated Trust Agreement, interest is assessed at a rate of twelve percent (12%) per annum from the due date to the date of payment to the International Training Fund. (Compl. ¶ 26; Sweeney ITF Decl. ¶ 13.) Therefore, the International Training Fund claims that Hebron Plumbing owes $308.12 for delinquent contributions for the months of November 2008 through February 2009, $61.62 in liquidated damages for the late payments for the months of November 2008 through February 2009, and $19.45 in interest assessed at the rate of twelve percent (12%) per annum from the date due through the date of payment or August 14, 2009 and continuing to accrue at the rate of twelve percent (12%) per annum through the date of payment. (Sweeney ITF Decl. ¶ 15.) Therefore, the International Training Fund claims that the total amount owed for delinquent contributions is $389.19. (Sweeney ITF Decl. ¶ 15, Sweeney ITF Decl. App.)

Pursuant to the Agreements and under Section 502(g)(2) of ERISA, plaintiffs are entitled to recover: (1) the full amount of unpaid contributions; (2) interest on contributions which were paid late or remain unpaid; (3) liquidated damages for contributions which were paid late or remain unpaid; and (4) reasonable attorneys' fees and the costs of this action.[1] The amounts due in unpaid and delinquent monthly contributions, accrued interest on unpaid and delinquent

---

[1] In Count III of the Complaint, plaintiffs seek an order enjoining the violations of the terms of the employee benefit plans and requiring Hebron Plumbing to submit timely contributions and remittance reports to each plaintiff. Plaintiffs have not pursued their request for injunctive relief in the motion for default judgment. At the August 21, 2009 default judgment hearing, however, plaintiffs stated that they wished to reserve the right to return to the Court and request injunctive relief at a later date, if necessary.

contributions calculated through August 14, 2009, and liquidated damages on unpaid and delinquent contributions for each of the Funds are summarized as follows:

| Plaintiff | Delinquent Contributions | Liquidated Damages | Interest through 8/14/2009 | Total |
|---|---|---|---|---|
| National Pension Fund | $9,706.20 | $970.62 | $612.58 | $11,289.40 |
| International Training Fund | $308.12 | $61.62 | $19.45 | $389.19 |

(Sweeney NPF Decl. App.; Sweeney ITF Decl. App.)

Finally, plaintiffs seek $1,701.29 in attorneys' fees and costs. In support of this request, plaintiffs submitted the Declaration of John R. Harney, and a report of attorneys' fees and costs through July 30, 2009. (Harney Decl. ¶ 7; Harney Decl. App.) The undersigned Magistrate Judge finds the requested costs and attorneys' fees to be reasonable.

| Attorneys' Fees | Costs |
|---|---|
| $1,100.00 | $601.29 |

(Harney Decl. ¶ 7.)

## III.  RECOMMENDATION

The undersigned Magistrate Judge recommends entry of default judgment in favor of the National Pension Fund against defendant Hebron Plumbing. The National Pension Fund is entitled to recover the following amounts, with interest accruing at the rate of 12% from August 14, 2009 until paid: $9,706.20 in unpaid contributions; $612.58 in accrued interest through August 14, 2009; $970.62 in liquidated damages; and $1,701.29 in reasonable attorneys' fees and costs. Thus, the recommended award total for the National Pension Fund is $12,990.69. Additionally, the undersigned Magistrate Judge recommends that default judgment be entered in

9

favor of the International Training Fund against defendant Hebron Plumbing. The International Training Fund is entitled to recover the following amounts, with interest accruing at the rate of 12% from August 14, 2009 until paid: $308.12 in unpaid contributions; $19.45 in accrued interest through August 14, 2009; and $61.62 in liquidated damages. Thus the recommended award total for the International Training Fund is $389.19.

If further action is required to enforce and collect this judgment, plaintiffs may apply to this Court or to the court in which enforcement is sought for further appropriate injunctive relief in addition to the relief set out in this Report and Recommendation.

## IV.  NOTICE

**By mailing copies of this report and recommendation, the parties are notified that objections to this report and recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within ten (10) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendant at the following address:

> Thomas Harrison
> Registered Agent and President
> Hebron Plumbing and Heating Inc.
> 352 South, 700 West
> Hebron, IN 46341

August 26, 2009
Alexandria, Virginia

/s/
Ivan D. Davis
United States Magistrate Judge

10